ALFRED McNAIR AND JAMES C. GLENN v. STATE.

No. 26,645. November 25, 1953.
Appeal Reinstated February 10, 1954.

*Robert W. Hainsworth,* Houston, for appellants.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Upon a joint trial under a joint indictment, the above named parties were each convicted of felony theft, with punishment assessed at ten years' confinement in the penitentiary.

Art. 827, C. C. P., provides that an appeal in a criminal case is taken by giving notice thereof in open court and having the same entered of record.

The record before us contains no such notice of appeal.

A notice of appeal is necessary to confer jurisdiction upon this court to entertain the appeal.

The appeal is accordingly dismissed.

Opinion approved by the court.

#### ON MOTION TO REINSTATE APPEAL.

DAVIDSON, Judge.

As it now appears that a notice of appeal was properly given, the appeal is reinstated.

According to the state's contention, the appellants went into the Schaefer Hardware Store in Schulenberg, ostensibly for the purpose of making some purchases. Only one person was in charge of the store at the time. One of the appellants asked to see some merchandise in the rear of the store. The attendant showed him the merchandise, leaving the other appellant at the front of the store and near the office where the safe was. No purchase was made, and the two appellants left the building.

Soon thereafter, it was discovered that $515 had been stolen from the safe.

The facts are deemed sufficient to show that the appellant who was left in the front of the store took the money from the safe and was subsequently found in possession of some of the stolen money.

Appellant McNair, testifying as a witness in his own behalf, denied his own guilt and that of the appellant Glenn and testified to facts showing that they did not and could not have committed the offense charged.

It was the province of the jury to reject this testimony, and their finding will not be here overturned.

Appellants, who are Negroes, complain of the action of the trial court in overruling their motion to quash the venire because of racial discrimination practiced in the selection of the veniremen.

There are no allegations set forth in the motion by which it may be ascertained in what particulars the claimed racial discrimination arose or was practiced.

When we look to the facts which were developed in support thereof and to appellants' brief upon the question, it appears that reliance is had upon evidence showing that, over a long period, no member of the Negro race has ever served as a jury commissioner in Fayette County.

Appellants' counsel very frankly states that:

"No challenge is made to the fairness of the statutory system itself. The attack is upon the method of selecting the jury commissioners by the District Judge."

There is an absence of any contention, on the part of appellants, that race discrimination was practiced in the selection and organization of either the grand jury which indicted them or the petit jury which tried them.

For race discrimination in the selection of the jury commissioners to be injurious to the accuseds, such must find its way into the work of the jury commission in the selection of the lists from which the grand and petit juries are chosen. McMurrin v. State, 156 Tex. Cr. R. 434, 239 S. W. 2d 632; Morris v. State 158 Tex. Cr. Rep. 516, 251 S. W. 2d 731; Addison v. State, No. 26,748, not yet reported.

We are unable to agree with the appellants that this record reflects racial discrimination.

Appellants complain of the overruling of what they denominate as their motion to change venue.

The motion relied upon was not a statutory motion for change of venue in that it did not comply with requirements of Art. 562, C. C. P.

Moreover, there is neither a bill of exception nor order showing that the motion was ever presented to or acted upon by the trial court.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.